# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAREZ,<br><br>                 Plaintiff,<br><br>v.<br><br>M. MARTEL,<br><br>                 Defendant. | Case No.: 17cv1173-WQH-JMA<br><br>**ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE** |

     On June 5, 2017, Petitioner, a prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In its June 22, 2017 Order, the Court dismissed this case without prejudice because Petitioner failed to satisfy the filing fee requirement and failed to state a cognizable claim for federal habeas relief. (ECF No. 2). Petitioner was instructed that to have this case reopened he had to, no later than August 21, 2017, (1) pay the filing fee or provide adequate proof of his inability to pay and (2) file a First Amended Petition. *Id.* On July 3, 2017, Petitioner submitted a motion to proceed in forma pauperis. (ECF No. 3). This Court granted the motion to proceed in forma pauperis on July 11, 2017. (ECF No. 4). Petitioner then filed a First Amended Petition on July 31, 2017. (ECF No. 5).

     The First Amended Petition must be dismissed because Petitioner has again failed to state a cognizable federal claim. 28 U.S.C. § 2254(a) sets forth the following scope of

review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

In this case, Petitioner asks this Court to grant him permission to remain in the country upon his parole from prison. He also claims he is not receiving adequate medical care while incarcerated. In no way, however, does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.[1]

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how

---

[1] Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994).

one or more of his or her federal rights have been violated.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights. Therefore, the Court **DISMISSES** the First Amended Petition without prejudice because Petitioner has failed to state a cognizable federal claim.

**IT IS SO ORDERED**.

Dated: September 1, 2017

Hon. William Q. Hayes
United States District Court